# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| AURIO GRAYSON, | ) |
|            Plaintiff, | ) Case No. 18 CV 06124 |
| | ) |
|     v. | ) Judge Joan B. Gottschall |
| | ) |
| CELLCO PARTNERSHIP, d/b/a Verizon Wireless, | ) |
| | ) |
|            Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Aurio Grayson ("Grayson") filed a one-count complaint in Cook County Circuit Court, ECF No. 1-1 Ex. A, against his former employer, Cellco Partnership d/b/a Verizon Wireless ("Verizon Wireless"), alleging that he suffered race discrimination when Verizon Wireless fired him from his job as a district manager. Compl. ¶¶ 12, 27. Verizon Wireless removed this case to this court, citing diversity jurisdiction, answered the complaint, and pleaded 13 affirmative defenses. Ans. 6–7, ECF No. 9. Grayson moves under Federal Rule of Civil Procedure 12(f)(2) to strike affirmative defenses 1, 2, 3, 6, 11, and 12. He argues that defenses 1 and 12—failure to state a claim and lack of standing respectively—are not affirmative defenses at all and are therefore improperly pleaded. He makes similar arguments regarding the other defenses he moves to strike. Grayson contends that they do not comply with federal pleading rules, *see* Fed. R. Civ. P. 8(a), because they allege labels and conclusions. These defenses are: a) statute of limitations (defense 2); (b) failure to exhaust administrative remedies and exceeding the scope of the charge of discrimination Grayson file with the Illinois Department of Human Rights (defenses 3, 4, and 6); and (c) waiver, judicial estoppel, and laches (defense 11).

Federal Rule of Civil Procedure 8(c) provides that "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense," and lists 18 such defenses. "A

1

defendant's failure to plead an affirmative defense may result in a waiver of the defense if the defendant has relinquished it knowingly and intelligently, or forfeiture if the defendant merely failed to preserve the defense by pleading it." *Reed v. Columbia St. Mary's Hosp.,* 915 F.3d 473, 478 (7th Cir. 2019) (citation omitted). The purpose of the rule "'is to avoid surprise and undue prejudice to the plaintiff by providing her notice and the opportunity to demonstrate why the defense should not prevail.'" *Id.* (quoting *Venters v. City of Delphi*, 123 F.3d 956, 967 (7th Cir. 1997)); *see also Brunswick Leasing Corp. v. Wisc. Cent., Ltd.*, 136 F.3d 521, 531 (7th Cir. 1998) (citing *Venters*, 123 F.3d at 967).

On its own or on a timely motion, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Courts in this district have recognized that defendants should not be penalized for separately pleading defenses that can be put at issue by a simple denial in an answer–least where the defendant reasonably doubts into which category the issue falls. *See, e.g., Bobbitt v. Victorian House, Inc.*, 532 F. Supp. 734, 736 (N.D. Ill. 1982). Nevertheless, defenses that are redundant of denials in the answer may be stricken to remove "clutter"), and affirmative defenses must comply with the pleading requirements of Federal Rule of Civil Procedure 8(a). *See Heller Fin.*, 883 F.2d at 1294; *Sarkis' Cafe, Inc. v. Sarks in the Park, LLC*, 55 F. Supp. 3d 1034, 1039–41 (N.D. Ill. 2014) (collecting and discussing cases); *see also Williams v. Jader Fuel Co., Inc.*, 944 F.2d 1388, 1400 (7th Cir. 1991) (citing *Heller Fin.*, 883 F.2d at 1294) (stating that affirmative defenses should be stricken "only when they are insufficient on the face of the pleadings"); *Forrest Fin. Corp. v. Chopra Int'l, Inc.*, 1998 WL 703852, at *2 (N.D. Ill. Sept. 24, 1998) (Gottschall, J.) ("applying the requirements of Rule 8(a) to the pleading of affirmative defenses").

The court questions the utility of striking any affirmative defenses at this point. This is apparently a relatively uncomplicated case. The parties began and completed fact discovery in

2

the approximately six months since the motion to strike was filed. *See* Minute Entry, Apr. 3, 2019, ECF No. 23 (parties report fact discovery complete by deadline of Mar. 31 , 2019). Last week they sought and obtained a 14-day extension of the briefing schedule on dispositive motions to await the arrival of outstanding deposition transcripts. *See* Mot. to Extend 1, ECF No. 24.

Settling disputes over the sufficiency of the affirmative defenses pleaded in the answer does not therefore appear to be likely to move this litigation forward in any meaningful way. Again the purpose of requiring answers to state affirmative defenses is to avoid unfair surprise. *Reed*, 915 F.3d at 478–79 ("A defendant should not be permitted to 'lie behind a log' and ambush a plaintiff with an unexpected defense.") (quoting *Venters*, 123 F.3d at 967–68). Verizon Wireless essentially says that it pleaded the challenged defenses as insurance because it could not know what plaintiff may allege or argue during litigation when it answered the complaint. *See* Resp. to Mot. to Strike 2, ECF No. 16 ("Verizon Wireless cannot know at this stage of the litigation each and every allegation that [p]laintiff will attempt to assert . . . ."). That makes a certain amount of sense, though it takes too jaded a view of the significance of the complaint and other pleadings which exist to give parties fair notice of the claims and defenses. Like all parties, defendants are entitled to rely on the complaint and answer to identify the claims and defenses and to shape the scope of discovery, and so defendants may answer a complaint on the assumption that it means what it pleads. *Reed*, 915 F.3d at 479. When discovery turns up the basis for pleading a new claim or defense, a party should promptly seek to amend the pleadings. *Id.*

Pleading defenses as insurance against what might be argued later distrusts the function of the pleadings and can drive up litigation cost to no useful purpose. For this reason, "motions to strike are disfavored." *Heller Fin.*, 883 F.2d at 1294. They "potentially serve only to delay." *Id.* (citing *United States v. 416.81 Acres of Land*, 514 F.2d 627, 631 (7th Cir. 1975) (Clark, J.)).

What happened here shows why. Plaintiff pleaded a single claim in his complaint. Defendants pleaded several defenses not because they believed them applicable on the face of the complaint or after a reasonable investigation of the facts and the applicable law. *See* Fed. R. Civ. P. 11(a). Rather, they were pleaded just in case the plaintiff made an argument or sought discovery implicating one of the defenses. But because those claims and arguments had, by definition, been yet to be made, defendants had no facts to plead, and the defenses were necessarily threadbare incantations of the names of defensive legal doctrines. *See* Ans. 6–7. The defenses were therefore ripe for a motion to strike on the theory that did not comply with Rule 8(a). *Heller Fin.*, 883 F.2d at 1295 (affirming order striking affirmative defenses comprised of "nothing but bare bones conclusory allegations"); *Sarkis' Cafe*, 55 F. Supp. 3d at 1039–41 (striking "one-sentence defense [because it] would be insufficient under the *Twombly–Iqbal* standard"). Of course, defendants would remain free to move to amend the answer to replead a stricken defense[1] that becomes viable during discovery–just as though the defense had never been pleaded in the first place. *See* Fed. R. Civ. P. 15(a)(2). So including the defense in the answer did nothing but open the door to a motion to strike that did not affect either party's substantial rights, except that clients were likely billed for litigating it. Better to trust the complaint's scope and move to amend as the Seventh Circuit has recently advised parties to do. *See Reed*, 915 F.3d at 479.

Time has caught up to Grayson's motion to strike, however. Since defendants' answer has been on file through fact discovery, Grayson would have a hard time claiming ambush by one of the defenses at this point.[2] *Id.* at 480 (asking, where defense was not pleaded in answer,

---

[1] Nothing in the text of Rule 12(f) authorizes dismissal of a defense with prejudice, which is ordinarily accomplished pretrial via the summary judgment process.

[2] To be sure, Rule 8(c) mentions neither the defenses of failure to state a claim nor lack of standing. Failure to state a claim may be litigated on a motion for judgment on the pleadings filed after the answer. *See* Fed. R. Civ. P. 12(c), 12(h), 12(h)(2)(B); *Alexander v. City of Chicago*, 994 F.2d 333, 336 (7th Cir. 1993). And because standing is a component of this court's subject matter jurisdiction, the court is duty bound to consider standing at any time before entry of judgment even if the parties do not. *E.g., Wernsing v. Thompson*, 423 F.3d 732, 743 (7th Cir. 2005).

whether conduct during discovery put the plaintiff "on fair notice that the [defendant] would be asserting the [defense] and that she needed to spend the time and money to conduct full-bore discovery on" the defense). Granting a motion to strike is inappropriate where the validity of the defense turns on factual or legal issues extrinsic to the answer. *Heller Fin.*, 832 F.3d at 1294. As a practical matter, that is the case at this stage of proceedings. Striking the defenses pleaded in the answer is far more likely to delay any dispositive motions by introducing fresh waiver and forfeiture issues than it is to expedite this litigation.

Grayson's motion to strike is therefore denied without prejudice. Grayson is granted leave to re-urge his motion to strike if he develops a good-faith belief that defendants are ambushing him with a defense he moved to strike and for which he did not have a full and fair opportunity to conduct discovery.

Date: April 25, 2019

/s/
Joan B. Gottschall
United States District Judge

---

Courts in this district sometimes strike defenses of failure to state a claim to declutter the pleadings, but this court has typically declined to do so. *Compare Sarkis' Cafe*, 55 F. Supp. 3d at 1041 (Lee, J.) (recognizing split in this district and striking affirmative defense of failure to state a claim), *with Sommerfield v. City of Chicago*, 2012 WL 13069769, at *3 (N.D. Ill. July 18, 2012) (Gottschall, J.) (recognizing disagreement among courts in this district and declining to strike defense); *Pamon v. Bd. of Tr. of the Univ. of Ill.*, 2010 WL 2891643, at *1 (N.D. Ill. July 20, 2010) (Gottschall, J.) (citing *Great West Cas. Co. v. Marathon Oil Co.*, 2001 WL 103426, at *5 (N.D. Ill. Jan. 31, 2001) (same result)); *see also Heller Fin.*, 883 F.2d at 1294. For the reasons discussed in the text, striking defenses 1 and 12 has far more potential to disrupt than to facilitate a just, speedy, and inexpensive resolution of this action.